**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Illinois__
(State)

Case number (If known): _____   Chapter __7__

☐ Check if this is an amended filing

Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Double M Express, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   None

3. **Debtor's federal Employer Identification Number (EIN)**

   35 – 2454477

4. **Debtor's address**

   **Principal place of business**

   25 Falcon Place
   Number   Street

   Westmont   IL   60559
   City   State   ZIP Code

   DuPage
   County

   **Mailing address, if different from principal place of business**

   Number   Street

   P.O. Box

   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number   Street

   City   State   ZIP Code

5. **Debtor's website (URL)**

   None

---

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor　__Double M Express, Inc.__　　　Case number (if known)_____
　　　　　Name

6. **Type of debtor**
   - ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   __4841__　General Freight Trucking

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☒ Chapter 7
   - ☐ Chapter 9
   - ☐ Chapter 11. *Check all that apply*:
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

Debtor ___Double M Express, Inc._____  Case number (*if known*)_____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                                      MM / DD / YYYY

          District _____ When _____ Case number _____
                                      MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☒ No
    ☐ Yes.  Debtor _____ Relationship _____
           District _____ When _____
                                      MM / DD / YYYY
           Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**_____
                           Number      Street

    _____
    City                                          State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
              Contact name _____
              Phone _____

**Statistical and administrative information**

Debtor  __Double M. Express, Inc.__   Case number (if known)_____
 Name

### 13. Debtor's estimation of available funds

Check one:
- ☐ Funds will be available for distribution to unsecured creditors.
- ☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

- ☐ 1-49
- ☒ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

### 15. Estimated assets

- ☒ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☒ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/22/2024__
             MM / DD / YYYY

X __/s/Milos Mirkovic__          __MILOS MIRKOVIC__
Signature of authorized representative of debtor   Printed name

Title __President__

Debtor __Double M Express, Inc._____ Case number (*if known*)_____
     Name

18. **Signature of attorney**

✗ __/s/Anthony J. Peraica_____ Date __03/22/2024__
Signature of attorney for debtor      MM / DD / YYYY

__Anthony J. Peraica_____
Printed name
__Anthony J. Peraica & Associates, Ltd._____
Firm name
__5130 S. Archer Avenue_____
Number     Street
__Chicago_____ __IL__ __60632_____
City       State    ZIP Code

__773-735-1700_____ __support@peraica.com_____
Contact phone       Email address

__6186661_____ __IL_____
Bar number       State

Debtor **DOUBLE M. EXPRESS, INC.**   Case number (if known) _____
        Name

### 13. Debtor's estimation of available funds

Check one:
- ☐ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

### 15. Estimated assets

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  3/22/24
            MM / DD / YYYY

X _/s/ Milos Mirkovic_____     MILOS MIRKOVIC
Signature of authorized representative of debtor    Printed name

Title  PRESIDENT

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

Northern District Of Illinois

**In re**   Double M. Express, Inc.

Case No. _____7_____

**Debtor**

Chapter _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $4,000.00

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . $4,000.00

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.00

2. The source of the compensation paid to me was:

    [X] Debtor       [ ] Other (specify)

3. The source of compensation to be paid to me is:

    [X] Debtor       [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

    A. Representation at continued Section 341 meetings

    B. Representation at Section 2004 examinations

    C. Representation in adversary proceedings

    D. Representation in negotiations and/or hearings for reaffirmation agreements

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 3/22/2024 | /s/Anthony J. Peraica |
|---|---|
| *Date* | *Signature of Attorney* |
| | Anthony J. Peraica & Associates, Ltd. |
| | *Name of law firm* |

*Law Offices of*
**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
5130 S. Archer Avenue, Chicago, Illinois 60632
(773) 735-1700 (Phone)    (773) 585-3035 (Fax)
www.peraica.com

## CHAPTER 7 BANKRUPTCY RETAINER AGREEMENT

The undersigned ("Client") hereby retain(s) the Law Offices of Anthony J. Peraica & Associates, Ltd. ("Attorney") as attorneys for representation in a Chapter 7 bankruptcy under the following terms and conditions. The Law Offices of Anthony J. Peraica & Associates, Ltd. has informed the undersigned of the procedures involved in the matter described below:

1.  Attorney fees for the Chapter 7 bankruptcy are $ **4,000.—**. This amount does not include court filing fees, or costs for credit counseling or financial management classes. This fee includes all work in the representation in my Chapter 7, but does not include missed 341 meetings, amendments to schedules, motions to dismiss filed by the U.S. Trustee, or any other evidentiary hearings, contested matters or adversary proceedings. It is clearly understood by the undersigned that, should additional work be necessary, requested and/or performed other than that set forth herein, or usually or customarily required for such matters, additional fees or costs may be billed to the Client(s).

2.  Payments above are for General Advance Retainer and are deposited into the firm's operating account. Client(s) will be billed for work on an hourly basis. Attorney will charge at the rate of $475.00 per hour for Anthony J. Peraica and $325.00 per hour for all other associate attorneys for all work, including depositions, court time and non-court time. To save Client(s) money, Attorney employs paralegals and secretaries to provide basic legal services. Client agrees to pay paralegal services at the rate of $175.00 per hour, and secretarial services at the rate of $95.00 per hour. Client(s) further agree(s) to pay an additional fee of $250.00 for each Reaffirmation Agreement accepted by the debtor and entered in the bankruptcy proceeding, if a hearing is required. Any continued hearing will result in a $250.00 fee to be paid prior to the continued date.

3.  If Client(s) has secured debts that he/she/they wish to retain (mortgages, financed vehicles or other financed property), Client(s) may be required to sign a Reaffirmation Agreement with the creditor in order to keep the property. Client(s) must remain current on his/her/their payments.

4.  Client(s) has/have been advised that upon execution of this retainer agreement, client(s) should cease from using or obtaining any credit or credit cards.

5.  Client(s) understand(s) that he/she/they will be billed for all amounts due for fees and costs advanced on his/her/their file. These amounts are **due in full at the time of execution of the documents.** Balances not paid by the tenth (10th) business day after the date(s) on invoices/bills may be subject to an interest at the rate of 1.5% per month.

6.  Client(s) understand(s) that if he/she/they fail(s) to take his/her/their financial management class after filing but before discharge, his/her/their case may be closed without discharge, and he/she/they will be required to pay fees and costs to have the case reopened.

7.  Any balance owed by Client(s) for Attorney's fees and costs will be paid before the proceedings are concluded. Attorney cannot guarantee results and cannot predict a maximum charge. The final bill will be based solely on the time spent and the costs advanced.

8. The Law Offices of Anthony J. Peraica & Associates, Ltd. has no obligation to perform any services other than specifically stated above and Client(s) agree(s) to prepay all costs, including but not limited to those listed above.

9. Client(s) acknowledge(s) that no guarantees or promises have been made and the Law Offices of Anthony J. Peraica & Associates, Ltd.'s sole obligation is to provide the aforementioned legal services in a professional and efficient manner. Down payments/initial retainers are absolutely not refundable.

Dated this 18th day of MARCH, 2024.

CLIENT(S) _[signature]_
PRESIDENT
DOUBLE M EXPRESS, INC.

ANTHONY J. PERAICA & ASSOCIATES, LTD.
_[signature]_

ADDRESS: 25 FALCON PLACE
WESTMONT, IL 60559

CONTACT INFO:

HOME PHONE NO. _____

CELL PHONE: _____

EMAIL: _____